UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL E. VAUGHN,

    Plaintiff,

v.

OFFICE OF THE JUDGE FOR
THE THIRD CIRCUIT COURT,
et al.,

    Defendants.

Case No. 14-cv-10458
Hon. Matthew F. Leitman

_____/

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF #25),
OVERRULING PLAINTIFF'S OBJECTIONS TO
THE REPORT AND RECOMMENDATION (ECF #26), AND GRANTING
DEFENDANTS' MOTIONS TO DISMISS (ECF ## 11, 17, 19)</u>**

On March 18, 1992, a jury in the Wayne County Circuit Court convicted Plaintiff Michael E. Vaughn ("Vaughn") of four counts of criminal sexual conduct in the first degree and one count of armed robbery. (*See* Register of Actions, ECF #17-3 at 1, Pg. ID 158.) After Vaughn's state-court appeals were exhausted, Vaughn filed a petition in state court, pursuant to M.C.L. § 770.16[1], seeking an

---

[1] M.C.L. § 770.16 provides that "a defendant convicted of a felony at trial before January 8, 2001 who is serving a prison sentence for the felony conviction may petition the circuit court to order DNA testing of biological material identified during the investigation leading to his or her conviction, and for a new trial based on the results of that testing." M.C.L. § 770.16(1). The statute further requires a court to "order DNA testing" if, among other things, a defendant establishes by clear and convincing evidence that "[a] sample of identified biological material … is available for DNA testing." M.C.L. § 770.16(4)(b)(i).

1

order requiring that DNA testing be performed on certain evidence related to his conviction (the "State Court DNA Petition"). (*See* ECF #17-10 at 1, Pg. ID 199.) Vaughn argued in the State Court DNA Petition that the results of previous testing on the evidence had been withheld from him during his criminal trial, and that if the evidence was tested again, it would establish his innocence. (*See id.* at 3-4, Pg. ID 201-202.) The state contended that the evidence Vaughn wanted tested had been previously destroyed. The state court denied Vaughn relief. That court concluded, among other things, that Vaughn had failed to present clear and convincing evidence – as required by M.C.L. § 770.16(4)(b)(i) – that the evidence he wanted to test still existed and had not been destroyed. (*See id.* at 5-6, Pg. ID 203-204.)

On January 30, 2014, Vaughn filed a *pro se* Complaint in this Court that includes six counts brought against multiple Defendants, including the state-court judge who denied the State Court DNA Petition, the state-court prosecutor, and the Detroit Police Department. (*See* the "Complaint," ECF #1.) Vaughn's allegations against the Defendants relate to Defendants' purported refusal to release prior DNA test results and/or provide the evidence for new testing. These counts in Vaughn's Complaint are titled "Violation of Due Process of Law" (count one), "Actual Innocence" (count two), "Cruel and Unusual Punishment" (count three),

"Clemency and Pardon" (count four), "Confrontation and Compulsory Process" (count five), and "Right to Meaningful Access to Court" (count six).

Vaughn does not appear to seek monetary damages from Defendants as relief for their alleged wrongdoing.[2] Instead, Vaughn says in his Complaint that he "seeks to perform DNA testing on biological evidence that was collected pursuant to the criminal case against him." (*Id.* at ¶3.)  Indeed, in his most recent filing with the Court, Vaughn confirmed that "the only inevitable consequence" of his current action "would be the release of evidence to a laboratory for DNA testing." (ECF #26 at 7, Pg. ID 313.)

Defendants moved to dismiss Vaughn's claims in their entirety. (*See* the "Motions to Dismiss," ECF ## 11, 17, 19.)  On December 18, 2014, the Magistrate Judge issued a Report and Recommendation recommending that this Court grant the Motions to Dismiss. (*See* the "R&R," ECF #25.)

The Magistrate Judge first determined that some, but not all, of Vaughn's claims in the Complaint were barred by the United States Supreme Court's decisions in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that to be eligible for relief due to "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

---

[2] The only even arguable request for monetary damages in the Complaint is Vaughn's final request "that this Court order the State to pay the cost of DNA testing, filing costs, and fees, judgment by default, sanctions, [sic] such other relief, as this Court may deem just and proper." (Compl. at 11, Pg. ID 11.)

3

render a conviction or sentence invalid," a prisoner-plaintiff must first "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. The Magistrate Judge determined that Vaughn could not meet this standard, and therefore to the extent the claims in his Complaint rested upon the conclusion that his conviction was unconstitutional due to his lack of access to DNA evidence, these claims (such as his claims for "actual innocence," "cruel and unusual punishment," and for "clemency and pardon") were barred by *Heck* and should be dismissed. (*See* the "R&R" at 5-6, Pg. ID 296-297.)

The Magistrate Judge next recommended that the Court dismiss Vaughn's remaining claims. (*See id.* at 7-14, Pg. ID 298-305.) Relying upon the United States Supreme Court's decision in *Dist. Atty's Office v. Osborne*, 557 U.S. 52 (2009), the Magistrate Judge concluded that "plaintiffs like Vaughn have no 'freestanding right to access DNA evidence in the post-conviction setting'" and that "the state has 'no constitutional obligation to preserve forensic evidence that might later be tested.'" (R&R at 7, Pg. ID 298 (quoting *Osborne*, 557 U.S. at 72-74).) The Magistrate Judge thus concluded that "Vaughn's claims premised on assertions to the contrary should be dismissed." (*Id.*)

4

The Magistrate Judge then explained that under *Osborne*, "[t]he only cognizable question raised by Vaughn's complaint, therefore, is 'whether consideration of [his] claim within the framework of [Michigan's] procedures for postconviction relief 'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental' or 'transgress any recognized principle of fundamental fairness in operation.'" (*Id.* at 7-8, Pg. ID 298-299 (quoting *Osborne*, 557 U.S. at 72-74).)

On this point, the Magistrate Judge was persuaded by the reasoning in the "remarkably similar Western District of Michigan case, *Franklin v. County of Kalamazoo*, No. 1:11-cv-36, 2001 WL 1042321 (W.D. Mich. Mar. 18, 2011)." (*Id.* at 8, Pg. ID 299.) In *Franklin*, the prisoner-plaintiff brought an action "to obtain alleged DNA evidence from a toothbrush with which he was accused of assaulting his infant daughter." *Franklin*, 2011 WL 1042321, at *1. As here, the plaintiff in *Franklin* originally filed a petition in state court pursuant to M.C.L. § 770.16 seeking DNA testing, and the state-court judge determined that "the request lacked merit both because the evidence had since been destroyed … and because Plaintiff otherwise failed to meet the requirements of Mich. Comp. Laws § 770.16(4)(b)." *Id.* The prisoner-plaintiff in *Franklin* then filed suit in federal court. The federal district court in *Franklin* dismissed the plaintiff's complaint –

5

which alleged, among other things, due process violations similar to those Vaughn alleges here – for failure to state a claim.

Relying in part on his determination that "Vaughn's claims are similar, both substantively and procedurally, to the ones at issue in *Franklin*," the Magistrate Judge concluded that that Vaughn had "failed to allege that M.C.L. § 770.16 is fundamentally unfair," that his "claims lack merit for a variety of reasons" (including that they were barred by, among other things, *res judicata* and collateral estoppel), and that "his action [was thus] ripe for dismissal." (*Id.* at 8-10, Pg. ID 299-301.)

At the conclusion of the R&R, the Magistrate Judge instructed the parties that they "may object to and seek review of this Report and Recommendation" by filing objections within fourteen days. (*Id.* at 14, Pg. ID 305.) The Magistrate Judge then specifically told the parties that the "[f]ailure to file *specific objections* constitutes a waiver of any further right of appeal. The filing of objections which raise some issues, *but fail to raise others with specificity*, will not preserve all the objections a party might have to this Report and Recommendation." (*Id.* at 14-15, Pg. ID 305-306; emphasis added and internal citations removed.)

On January 5, 2015, Vaughn filed a document titled "Plaintiff's Motion to Deny Defendants Motion to Dismiss." (*See* Vaughn's "Objections" ECF #26.) The Court construes Vaughn's motion as objections to the R&R filed pursuant to

Federal Rule of Civil Procedure 72(b)(2).[3] The Court has reviewed Vaughn's Objections and finds them lacking both procedurally and substantively.

Vaughn's Objections are procedurally deficient because they appear to repeat, in total, the facts and arguments recited in previous briefs Vaughn submitted to the Magistrate Judge. As this Court has previously held, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or *simply summarizes what has been presented before*, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) (emphasis added).

Moreover, Vaughn's Objections are not specifically tailored to the conclusions of the Magistrate Judge. Instead, Vaughn appears to object generally to the Magistrate Judge's recommendations, and his Objections are otherwise vague and conclusory. "The filing of vague, general, or conclsuory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 Fed. App'x 228, 230 (6th Cir. 2009). Indeed, "[a] general objection to the entirety of the magistrate's report has the

---

[3] Despite the title to this submission, in Vaughn's cover letter to the Clerk of the Court, Vaughn wrote that he was enclosing "copies of Plaintiff's motion to reconsider this Court's Report and Recommendation," thus providing further evidence that Vaughn, acting *pro se*, intended to file objections to the R&R. The Court also notes that while Vaughn's objections were arguably filed more than fourteen days after service of the R&R, Defendants have not argued that the Court should not consider the Objections because they are untimely, and the Court declines to overrule or not consider the Objections on that ground.

7

same effects as would failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless … The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.* (quoting *Howard v. Sec'y of Health and Human Serv.*, 932 F.2d 505, 509 (6th Cir. 2001)). Consistent with this precedent, Vaughn's wholesale objections are deficient, and if not addressed specifically below, Vaughn's Objections are overruled on the basis that they are "vague, general, or conclsuory" and simply summarize arguments previously presented to the Magistrate Judge.

To the extent the Court can discern specific objections within Vaughn's otherwise generally pleaded filing, the Court finds them substantively without merit. For example, Vaughn appears to argue that, contrary to the determination of the Magistrate Judge, his case is distinguishable from the Western District's decision in *Franklin*. (*See* Objections at 7, Pg. ID 313.) While *Franklin* is certainly not binding authority, the Court agrees with the Magistrate Judge that there are many factual similarities between *Franklin* and this action. The Plaintiff in *Franklin* also raised similar claims to the ones Vaughn makes here, such as due process violations related to the testing of DNA evidence, which the Western District concluded were barred by *Osborne*. The Court finds the reasoning in *Franklin* persuasive.

Furthermore, as described above, Vaughn claims in his Objections that "the only inevitable consequence" of his current action "would be the release of evidence to a laboratory for DNA testing." (*Id.*)  Vaughn, however, has failed to plead any facts demonstrating that he is entitled to such relief, or that there is any evidence currently in existence that could possibly be tested.  As the Western District concluded in *Franklin*, "where, as here, the evidence is now unavailable, it is difficult to imagine how Plaintiff can obtain the [] relief he seeks." *Franklin*, 2011 WL 1042321, at *5.

Finally, Vaughn appears to argue that the Magistrate Judge erred in its analysis that *res judicata* and/or collateral estoppel bar his claims in this action. (Objections at 8-11, Pg. ID 314-317.)  The Court need not reach the merits of this objection because it finds, for all of the other reasons the Magistrate Judge stated in the R&R, that even if *res judicata* and/or collateral estoppel did not apply, Vaughn still failed to state a cognizable claim against the Defendants.

Accordingly, for all of the reasons stated above, **IT IS HEREBY ORDERED** that Vaughn's Objections to the Magistrate Judge's R&R (ECF #26) are **OVERRULED**. **IT IS FURTHER ORDERED** that the Magistrate Judge's R&R (ECF #25) is **ADOPTED** as the Opinion of this Court. Vaughn's Complaint is hereby **DISMISSED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 29, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 29, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113